IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| PAUL EUGENE WEBSTER, ) | |
| ) | |
| Petitioner, ) | |
| ) | Civil Action No. |
| v. ) | 3:16cv465-WKW |
| ) | [WO] |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**<u>RECOMMENDATION OF THE MAGISTRATE JUDGE</u>**

**I.   INTRODUCTION**

After obtaining authorization under 28 U.S.C. §§ 2252(h)(2) and 2244(b)(3) from the Eleventh Circuit Court of Appeals to file a second or successive 28 U.S.C. § 2255 motion, Petitioner Paul Eugene Webster ("Webster") filed this § 2255 motion to vacate, set aside, or correct his sentence under *Johnson v. United States*, 135 S. Ct. 2551 (2015), which voided for vagueness the residual clause of the "violent felony" definition in the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), and which applies retroactively to cases on collateral review, *see Welch v. United States*, 136 S. Ct. 1257 (2016). Doc. # 1.[1] Webster challenges his designation as an armed career criminal and argues that, under *Johnson*, he no longer has three prior qualifying convictions under the

---

[1] References to "Doc(s) #" are to the document numbers of the pleadings, motions, and other materials in the court file, as compiled and designated on the docket sheet by the Clerk of Court. Pinpoint citations are to the page of the electronically filed document in the court's CM/ECF filing system, which may not correspond to pagination on the "hard copy" of the document presented for filing.

ACCA and, thus, is not eligible for an ACCA-enhanced sentence. He moves the court to grant his § 2255 motion, vacate his current sentence, and resentence him without consideration of the ACCA. The Government maintains that Webster cannot show, as he must under *Beeman v. United States*, 871 F.3d 1215 (11th Cir. 2017), that it is more likely than not that his sentence on his § 922(g)(1) conviction was enhanced under the ACCA's residual clause in violation of *Johnson.* Based upon careful consideration of the briefing, the record, and the governing law, the undersigned recommends that Webster's § 2255 motion be granted and that his ACCA-enhanced sentence be vacated.

## II.  BACKGROUND AND PROCEDURAL HISTORY

In January 2007, a jury found Webster guilty of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). A conviction under § 922(g)(1) normally carries a sentence of not more than ten years' imprisonment. 18 U.S.C. § 924(a)(2). However, under the ACCA, an individual who violates § 922(g) and has three prior convictions for either violent felonies or serious drug offenses is subject to a mandatory minimum sentence of fifteen years' imprisonment. 18 U.S.C. § 924(e)(1); *see also Descamps v. United States*, 570 U.S. 254, 258 (2013) (noting the typical statutory maximum sentence and the ACCA's heightened mandatory minimum for § 922(g) convictions).

In 2007, when Webster was sentenced, the ACCA defined a "violent felony" as any crime punishable by imprisonment for a term exceeding one year that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another"; (2) "is burglary, arson, or extortion, involves use of explosives"; or (3)

"otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). These definitions of "violent felony" fall into three respective categories: (1) the elements clause; (2) the enumerated-offenses clause;[2] and (3) the (now void) residual clause. *See In re Sams*, 830 F.3d 1234, 1236–37 (11th Cir. 2016).

The sentencing record does not reveal which ACCA definition of "violent felony" undergirded Webster's enhanced sentence. The presentence investigation report ("PSI") indicated that Webster had the requisite number of predicate convictions to subject him to an ACCA-enhanced sentence. Doc. # 8-1 at 5, ¶¶ 22–23. However, the PSI did not specify which of Webster's prior convictions were qualifying predicate convictions; nor did it specify which clause of the ACCA definition of "violent felony" a particular prior conviction fell under. *Id*. The criminal history section of the PSI indicated that Webster had numerous prior convictions, several of which were for felonies. *See* Doc. # 8-1 at 6–10. At sentencing, the district court adopted the factual statements in the PSI and sentenced Webster as an armed career criminal to 188 months in prison.[3] Doc. # 7-6 at 5.

---

[2] The parties are in agreement that none of Webster's prior convictions qualified as violent felonies under the ACCA's enumerated-offenses clause.

[3] Webster appealed, and the Eleventh Circuit affirmed his conviction and sentence. *United States v. Webster*, 296 F. App'x 777 (11th Cir. 2008). In August 2011, Webster filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. *See Webster v. United States*, Civil Action No. 3:11cv654-WKW. In June 2013, this court denied Webster's § 2255 motion and dismissed with prejudice. In May 2016, Webster filed an application with the Eleventh Circuit seeking leave to file a second or successive § 2255 motion based on the Supreme Court's decisions in *Johnson* and *Welch*. On June 7, 2016, the Eleventh Circuit authorized Webster to file a second-or-successive § 2255 motion under 28 U.S.C. §§ 2255(h) and 2244(b)(3)(A) regarding his claim that his ACCA-enhanced sentence is invalid under *Johnson*. Doc. # 7-15.

Webster filed this § 2255 motion on June 21, 2016, arguing that, after the Supreme Court's decision in *Johnson*, which voided the ACCA's residual clause, he no longer has three prior convictions that qualify as violent felonies for purposes of the ACCA.[4] In responding to Webster's § 2255 motion, the Government argues that Webster has five prior convictions that qualify as violent felonies under the ACCA and which the district court could rely on to apply the ACCA enhancement, specifically:

- A September 22, 1976 (Montgomery County) Alabama conviction for kidnapping (Case No. CR 836-76);

- An October 9, 1980 (Lee County) Alabama conviction for first-degree escape (Case No. CC 80-726);

- An October 27, 1998 (Etowah County) Alabama conviction for first-degree sexual abuse (Case No. CC 97-1180.01);

- An October 27, 1998 (Etowah County) Alabama conviction for first-degree sexual abuse (Case No. CC 97-1180.02); and

- An October 27, 1998 (Etowah County) Alabama conviction for first-degree sexual abuse (Case No. CC 97-1180.03).

*See* Doc. # 19 at 4. The Government argues that each of these convictions qualifies as a violent felony under the ACCA's elements clause because each involved as an element the use, attempted use, or threatened use of physical force against the person of another.[5] *See* 18 U.S.C. § 924(e)(2)(B)(i).

---

[4] In addressing Webster's arguments, the undersigned considers both his § 2255 motion (Doc. # 1) and his Motion for Resentencing filed on February 2, 2019 (Doc. # 14). The undersigned also considers the Government's original response to the § 2255 motion (Doc. # 7) and its response to Webster's Motion for Resentencing (Doc. # 19).

[5] Although Webster was convicted of two counts of kidnapping in Case No. CR 836-76, the parties appear to agree that the two convictions may not be counted separately for purposes of the ACCA

Webster contends that, as a matter of historical fact, his prior conviction for first-degree escape could only qualify as a violent felony under the ACCA's residual clause, because the subsection of Alabama Code § 13A-10-31(a), the Alabama first-degree escape statute, under which he was convicted does not have as an element the use, attempted use, or threatened use of physical force against the person of another. While acknowledging that a different subsection of the Alabama first-degree escape statute *does* have as an element the use, attempted use, or threatened use of physical force, and therefore would qualify as a crime of violence under the elements clause, Webster argues that a review of the records from judicial proceedings related to his escape conviction reveals that he was convicted under the subsection of the Alabama first-degree escape statute that does not have force as an element and which would only qualify as a violent felony under the now-void residual clause.

Webster also contends that none of his three prior Alabama convictions for first-degree sexual abuse qualify as violent felonies for purposes of the ACCA, because, while Alabama Code § 13A-6-66(a), the Alabama statute that defines first-degree sexual abuse is divisible, the least of the acts criminalized under each alternative basis for committing that offense does *not* include as an element the use, attempted use, or threatened use of physical force as required by the ACCA's elements clause. 18 U.S.C. § 924(e)(2)(B)(i). More particularly, Webster argues that by the time of his 2007 federal sentencing, Alabama

---

because they arose out of a single incident and were not separated by time. Webster appears to concede that the single Alabama kidnapping conviction qualified as a violent felony for purposes of the ACCA. However, he argues that he has no other prior convictions that qualified as ACCA predicates, whether as violent felonies or serious drug offenses.

5

Supreme Court decisions had established that the least of the acts criminalized by the sexual abuse by forcible compulsion statute, *see* Alabama Code § 13A-6-66(a)(1), included an implicit threat not of violence but of some sort of disciplinary action, or taking advantage of a child who assumed that the conduct was acceptable, or because the child did not have the capacity to refuse, and so applied to conduct that did not include the use, attempted use, or threatened use of physical force. 18 U.S.C. § 924(e)(2)(B)(i). Thus, Webster maintains that the ACCA's residual clause definition of a violent felony—an offense that "involves conduct that presents a serious potential risk of physical injury to another," 18 U.S.C. § 924(e)(2)(B)(ii)—is the only basis on which the sentencing court could have found that his first-degree sexual abuse convictions were predicate violent felonies.[6]

### III. ANALYSIS

In *Beeman v. United States*, 871 F.3d 1215 (11th Cir. 2017), the Eleventh Circuit held that to obtain relief based on *Johnson*, the post-conviction movant "must show that— more likely than not—it was use of the residual clause that led to the sentencing court's [ACCA] enhancement of his sentence." 871 F.3d at 1222. "[I]f it is just as likely that the sentencing court relied on the elements or enumerated offenses clause, solely or as an alternative basis for the enhancement, then the movant has failed to show that his enhancement was due to use of the residual clause." *Id.* at 1222; *see also generally United*

---

[6] Webster also argues that the district court could have looked, at most, to only one of his sexual abuse convictions for use in applying an ACCA enhancement because there is no evidence that the three offenses occurred on separate occasions. *See* Doc. # 14 at 31–32. However, this court need not address this argument by Webster in order to resolve the question of whether or not he is entitled to relief from his ACCA-enhanced sentence under *Johnson*, since the court finds that none of the sexual abuse convictions qualified as a violent felony for use in ACCA enhancement.

*States v. Pickett,* 916 F.3d 960, 963 (11th Cir. 2019) (explaining that *Beeman* "provided a precedential answer to what a [*Johnson*] movant needed to show to succeed on a § 2255 motion"). The *Johnson* movant's burden is tied to "historical fact"—whether at the time of sentencing the defendant was "sentenced solely per the residual clause." *Beeman*, 871 F.3d at 1224 n.5. The Eleventh Circuit has explained that, under *Beeman,* "[t]o determine this 'historical fact,'" the § 2255 court "look[s] first to the record" and, if the record is not determinative, "to the case law at the time of sentencing." *Pickett*, 916 F.3d at 963. "Sometimes the answer will be clear—'[s]ome sentencing records may contain direct evidence: comments or findings by the sentencing judge indicating that the residual clause was relied on and was essential.'" *Id*. (quoting *Beeman*, 871 F.3d at 1224 n.4). The court "might also look elsewhere in the record, to a PSI, for example, to find 'circumstantial evidence.'" *Id*. at 963–64 (quoting *Beeman*, 871 F.3d at 1224 n.4).

Here, the Government maintains that Webster had five prior convictions that qualified as violent felonies under the ACCA's elements clause. Webster objects to the use of four of those convictions as ACCA predicates, arguing that the district court relied solely on the residual clause to qualify those conviction as violent felonies. As discussed below, the undersigned finds that Webster has met his burden under *Beeman* of demonstrating that, more likely than not, the district court relied solely on the residual clause to qualify his Alabama convictions for first-degree sexual abuse as violent felonies for use in ACCA enhancement. When those three convictions are excluded from use as ACCA predicates, Webster has at most two remaining prior convictions that could conceivably qualify as ACCA predicates: his Alabama convictions for kidnapping and for first-degree escape. At

7

least three prior qualifying convictions are needed to trigger application of the ACCA. 18 U.S.C. § 924(e)(1). Although Webster also challenges the use of his first-degree escape conviction as an ACCA predicate, the undersigned pretermits further discussion of that conviction, because, without his first-degree sexual abuse convictions, Webster no longer has three or more prior convictions that qualify as ACCA predicates, and he is therefore entitled to be resentenced without application of the ACCA enhancement.

The ACCA does not list the offense of sexual abuse as a violent felony. Thus, Webster's first-degree sexual abuse convictions plainly did not qualify as violent felonies under the ACCA's enumerated-offenses clause. 18 U.S.C. § 924(e)(2)(B)(ii). *Johnson* rendered the ACCA's residual clause void. The question for this court, then, is whether Webster's sexual abuse convictions qualified as violent felonies under the ACCA's elements clause. The answer depends on whether one of the elements required by the statute of conviction is "the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i).

To determine whether a prior conviction qualifies as a violent felony under the elements clause, courts are to employ a "categorical approach." *United States v. Davis*, 875 F.3d 592, 597 (11th Cir. 2017). In cases where the statute of conviction is "divisible" in that it "list[s] elements in the alternative, and thereby define[s] multiple crimes," courts are to employ the "modified categorical approach." *Mathis v. United States*, 136 S.Ct. 2243, 2249 (2016). The modified categorical approach allows courts "to look at 'a limited class of documents'—known as *Shepard* documents and including such items as the indictment, jury instructions, and plea agreement—'to determine what crime, with what elements, a

8

defendant was convicted of.'"[7] *United States v. Morales-Alonso*, 878 F.3d 1311, 1316 (11th Cir. 2018) (quoting *Mathis*, 136 S.Ct. at 2249). If the statute is divisible, *Shepard* documents will reveal which of these "several different crimes" a defendant was convicted of. *Descamps v. United States*, 570 U.S. 254, 261 (2013); *United States v. Lockett*, 810 F.3d 1262, 1266 (11th Cir. 2016). Once a court determines which divisible portion of the statute a defendant was convicted under, it then applies the categorical approach to that statutory phrase. *Davis*, 875 F.3d at 598 ("If we can tell which statutory phrase the defendant was necessarily convicted under [using the modified categorical approach], we return to the categorical approach and apply it to that statutory phrase." (internal quotation marks and citations omitted)).

In applying the categorical approach, a court looks only at the statutory definition of the prior offense and not the facts underlying the conviction. *United States v. Howard*, 742 F.3d 1334, 1342 (11th Cir. 2014); *see also Davis*, 875 F.3d at 597 ("All that counts . . . are the elements of the statute of conviction, not the specific conduct of a particular offender." (quotation marks omitted)). Under the categorical approach, regardless of what the true facts are, courts are to "presume that the state conviction rested upon the least of the acts criminalized by the statute. . . ." *Esquivel-Quintana v. Sessions*, 137 S.Ct. 1562, 1568 (2017) (alterations and quotation marks omitted); *see also Moncrieffe v. Holder*, 569 U.S. 184, 190–91 (2013). If the "least of the acts criminalized" in the statutory phrase has an element requiring "the use, attempted use, or threatened use of physical force against

---

[7] *See Shepard v. United States*, 544 U.S. 13 (2005).

the person of another," then the offense categorically qualifies as a violent felony under the elements clause. *See Davis*, 875 F.3d at 597–98; 18 U.S.C. § 924(e)(2)(B)(i). "If not, that is the end of our inquiry and the prior conviction does not count as a violent felony under the elements clause." *Davis*, 875 F.3d at 597.

Courts are to "apply federal law in interpreting the ACCA, but state law in determining the elements of state offenses, keeping in mind that state law is what the state supreme court says it is." *Davis*, 875 F.3d at 597; *see Johnson v. United States*, 559 U.S. 133 at 138 (2010) (explaining that when deciding whether a prior conviction is a "violent felony" under the ACCA, "[w]e are . . . bound by [a state court's] interpretation of state law, including its determination of the elements of [the statute of conviction]"); *United States v. Braun*, 801 F.3d 1301, 1303 (11th Cir. 2015) ("We are bound by federal law when we interpret terms in the ACCA, and we are bound by state law when we interpret the elements of state-law crimes."); *United States v. Estrella*, 758 F.3d 1239, 1249 n.4 (11th Cir. 2014) (explaining that "the question we are answering here is whether those elements as defined by state law, including state court decisions," qualify for a federal sentence enhancement); *United States v. Rosales-Bruno*, 676 F.3d 1017, 1021 (11th Cir. 2012) ("[W]e look to [state] case law to determine whether a conviction under [a state statute] necessarily involves the employment of 'physical force' as that term is defined by federal law.").

When Webster was convicted of three counts of first-degree sexual abuse in 1998, the Alabama first-degree sexual abuse statute provided:

> (a) A person commits the crime of sexual abuse in the first degree if:

    (1) He subjects another person to sexual contact by forcible compulsion; or

    (2) He subjects another person to sexual contact who is incapable of consent by reason of being physically helpless or mentally incapacitated; or

    (3) He, being 16 years old or older, subjects another person to sexual contact who is less than 12 years old.

Ala. Code § 13A-6-66(a) (1977).[8]

  Section 13A-6-66(a), on its face, lists three separate crimes: (1) sexual abuse by forcible compulsion; (2) sexual abuse of a person incapable of consent by reason of being physically helpless or mentally incapacitated; and (3) sexual abuse of a person who is less than 12 years old by someone who is 16 years old or older. *See Davis*, 875 F.3d at 598 (noting that § 13A-6-66(a), following its amendment in 2006, lists only *two* separate crimes). As a result, use of the modified categorical approach would be appropriate for determining which of those crimes Webster was convicted of committing. However, it cannot be definitively discerned from the sentencing record, or the PSI, which of the three separate crimes listed in § 13A-6-66(a) Webster was convicted of for each of his prior sexual abuse convictions. Based on statements in the PSI, it appears most likely that Webster was convicted of sexual abuse by forcible compulsion, § 13A-6-66(a)(1).[9] In any

---

[8] The statute was amended in 2006, deleting subsection (a)(3) and making it a separate criminal offense under Ala. Code § 13A-6-69.1.

[9] Nothing in the PSI indicates that the victim was physically helpless or mentally incapacitated as those terms are defined in the Alabama Code, *see* Ala. Code. § 13A-6-60(6) & § 13A-6-60(7), and the PSI indicates that the victim was 13 years old when the offenses occurred. *See* Doc. 8-1 at 9–10, ¶49.

11

case, however, it makes no difference which of the three separate crimes listed in § 13A-6-66(a) Webster was convicted of, because the least of the acts criminalized under each alternative basis for committing that offense does not include as an element the use, attempted use, or threatened use of physical force as required by the ACCA's elements clause. 18 U.S.C. § 924(e)(2)(B)(i).

Each of the three separate crimes listed in § 13A-6-66(a) contains "sexual contact" as an element. The Alabama Code defines "sexual contact" as "[a]ny touching of the sexual or other intimate parts of a person not married to the actor, done for the purpose of gratifying the sexual desire of either party." Ala. Code § 13A-6-60(3). The sexual contact element of the three separate crimes listed in § 13A-6-66(a) cannot satisfy the ACCA's elements clause's "physical force" requirement because it does not require any "violent force." *See Johnson*, 559 U.S. at 139–40. Because sexual contact, as defined by § 13A-6-60(3), can be satisfied by "[a]ny touching," or what the Supreme Court *in Johnson* termed "merest touching," 559 U.S. at 139, it cannot satisfy the physical force requirement.

It is therefore apparent that neither sexual contact of a person incapable of consent by reason of being physically helpless or mentally incapacitated, § 13A-6-66(a)(2), nor sexual contact of a person who is less than 12 years old by someone who is 16 years old or older, § 13A-6-66(a)(3), contains any element that can satisfy the physical force requirement of the ACCA's elements clause. That leaves only sexual contact by forcible compulsion, § 13A-6-66(a)(1), as possibly containing an element, forcible compulsion, that satisfies the elements clause's physical force requirement.

At first blush, the forcible compulsion element would appear to require either the use, attempted use, or threatened use of violent force. The Alabama Code defines "forcible compulsion" as "[p]hysical force that overcomes earnest resistance or a threat, express or implied, that places a person in fear of immediate death or serious physical injury." Ala. Code § 13A-6-60(8). However, by the time of Webster's sentencing in this case, the Alabama Supreme Court, in *Powe v. State*, 597 So.2d 721 (Ala. 1991), had held that the "forcible compulsion" element of Alabama's sex offense statutes could be satisfied by a child's "general fear" of her parent's authority. *See* 597 So.2d at 726–28 (reinstating the defendant's conviction for first-degree rape, because "a jury could reasonably infer that Powe held a position of authority and domination with regard to his daughter sufficient to allow the inference of an implied threat to her if she refused to comply with his demands," thereby establishing the element of "forcible compulsion"). Therefore, in Alabama, "forcible compulsion" may occur "[w]hen a defendant who plays an authoritative role in a child's world instructs the child to submit to certain acts," because "an implied threat of some sort of disciplinary action accompanies the instruction." *Id.* at 728–29. Because an implied threat of disciplinary action is not coextensive with the use or threatened use of physical force, Ala. Code. § 13A-6-66(a)(1), sexual abuse by forcible compulsion, does not satisfy the requirements of the ACCA's elements clause. In other words, the least of the acts criminalized by § 13A-6-66(a)(1) does not include as an element the use, attempted use, or threatened use of physical force, 18 U.S.C. § 924(e)(2)(B)(i).

In *United States v. Davis*, *supra*, 875 F.3d 592 (11th Cir. 2017), the Eleventh Circuit set aside a petitioner's ACCA-enhanced sentence upon finding that the sentencing court had erred in concluding that the petitioner's prior Alabama conviction for first-degree sexual abuse—specifically sexual abuse by forcible compulsion under § 13A-6-66(a)(1)—was a violent felony under the ACCA's elements clause. *See* 875 F.3d at 604. In vacating the petitioner's sentence, the Eleventh Circuit held that the Alabama Supreme Court's interpretation of forcible compulsion in *Powe* and in subsequent decisions applying *Powe* "means that Alabama's statute defining sexual abuse by forcible compulsion does not categorically include as an element the use, attempted use, or threatened use of physical force as that term is defined by federal law." *Davis*, 875 F.3d at 604 (citing 18 U.S.C. 924(e)(2)(B)(i), and *Johnson*, 559 U.S. at 140).

In *Beeman*, the Eleventh Circuit stated that in determining whether a claimant has met his burden and proved his *Johnson* claim, the key question is one of "historical fact"—that is, was the movant sentenced "solely per the residual clause" at the time of his sentencing hearing. 871 F.3d at 1224 n.5 ("What we must determine is a historical fact: was *Beema*n in 2009 sentenced solely per the residual clause?"). The Court explained that a *Johnson* claimant may prove that he was sentenced solely under the residual clause by identifying precedent "holding or otherwise making obvious" that his prior conviction only qualified as a violent felony under the residual clause at the time of his sentencing hearing. *Id*. at 1224 (finding it fatal to the movant's claim that he "pointed to no precedent in 2009 holding, or otherwise, making obvious, that a violation of Georgia's aggravated assault statute qualified as a violent felony only under the residual clause"). "Certainly, if the law

14

was clear at the time of sentencing that only the residual clause would authorize a finding that the prior conviction was a violent felony, that circumstance would strongly point to a sentencing per the residual clause." *Id.* at 1224 n.5.

Here, in light of the Alabama Supreme Court's interpretation of the elements of § 13A-6-66(a), an Alabama conviction for first-degree sexual abuse could not have qualified as a violent felony under the ACCA's elements clause at the time of Webster's 2007 federal sentencing. Alabama first-degree sexual abuse is unquestionably not an enumerated offense under the ACCA. Consequently, the ACCA's residual clause definition of a violent felony—an offense that "involves conduct that presents a serious potential risk of physical injury to another," 18 U.S.C. § 924(e)(2)(B)(ii)—is the only basis on which the sentencing court could have found the Alabama offense of first-degree sexual abuse was a violent felony for purposes of the ACCA. However, reliance on the ACCA's residual clause to qualify Webster's sexual abuse convictions as violent felonies under the ACCA is unconstitutional under *Johnson*.

Excluding Webster's sexual abuse convictions from use under the ACCA, Webster has (at most) only two remaining prior qualifying convictions for purposes of the ACCA. Because Webster does not have at least three prior qualifying predicate convictions under the ACCA, his sentence enhancement under the ACCA is illegal. Therefore, Webster's § 2255 motion is due to be granted, his sentence is due to be vacated, and he should be resentenced without application of the ACCA.

## IV.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

15

1. The 28 U.S.C. § 2255 motion filed by Webster be GRANTED.

2. Webster's sentence be VACATED.

3. Webster be RESENTENCED without application of the Armed Career Criminal Act.

It is further

ORDERED that the parties shall file any objections to this Recommendation or before September 4, 2019. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Lanning Securities, Inc.,* 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 21st day of August, 2019.

                                                     /s/ Charles S. Coody
                                             CHARLES S. COODY
                                             UNITED STATES MAGISTRATE JUDGE