IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

PAUL EUGENE WEBSTER, )
)
    Petitioner, )
)
v. ) CASE NO. 3:16-CV-465-WKW
) [WO]
UNITED STATES OF AMERICA, )
)
    Respondent. )

## **ORDER**

Pending is Petitioner Paul Eugene Webster's 28 U.S.C. § 2255 motion to vacate, set aside, or correct his 188-month sentence, which was imposed under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). *See United States v. Webster*, No. 3:06-CR-266-WKW (M.D. Ala. June 20, 2007) (criminal judgment). Through counsel and with the permission of the court of appeals, Webster filed this § 2255 motion — his second — challenging his designation as an armed career criminal under the ACCA based upon the United States Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015).[1] Webster argues that, under the *Johnson* decision, in which the Court held that the residual clause of the "violent felony" definition in the ACCA is unconstitutional, he no longer has three prior

---

[1] *See also Welch v. United States*, 136 S. Ct. 1257 (2016), in which the Court held that the *Johnson* decision announced a new substantive rule of constitutional law that applies retroactively to cases on collateral review.

convictions that qualify as ACCA predicate offenses. Webster seeks resentencing without application of the ACCA. (Doc. # 1, at 5.)

On August 21, 2019, the Magistrate Judge filed a Recommendation to which no timely objections have been filed. (Doc. # 20.) Having conducted an independent review of the record and upon consideration of the Recommendation, the court concurs with the Magistrate Judge's Recommendation. Based on the *Johnson* decision, Webster has satisfied his burden of demonstrating that he is no longer eligible for an ACCA-enhanced sentence. Thus, Webster's § 2255 motion is due to be granted, and he is entitled to be resentenced.

Accordingly, it is ORDERED as follows:

(1) The Recommendation of the Magistrate Judge (Doc. # 20) is GRANTED;

(2) Webster's 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence (Doc. # 1) is GRANTED.

(3) The sentence, entered in *United States v. Webster*, No. 3:06-CR-266-WKW (M.D. Ala. June 20, 2007), is VACATED, and a resentencing date will be set by separate order. Webster shall remain in custody pending resentencing.

(4) On or before **September 23, 2019**, Defendant and the Government, after consultation with the United States Probation Office, are DIRECTED to file a Notice that includes: (a) whether, without the ACCA enhancement, Defendant has

served the statutory maximum term of imprisonment on his conviction for being a felon in possession of a firearm; (b) if so, how the parties want the court to proceed with resentencing, with due regard to modification of the judgment's supervised release term; and (c) whether Defendant, who is incarcerated in South Carolina, intends to waive his presence at a resentencing hearing, *see* Fed. R. Crim. P. 43(c)(1)(B).

(5) The Clerk of the Court is DIRECTED to file this Order in *United States v. Webster*, No. 3:06-CR-266-WKW (M.D. Ala. June 20, 2007).

(6) The Clerk of the Court is DIRECTED to furnish copies of this Order to counsel, to the United States Probation Office, and to the United States Marshal.

A final judgment in this action will be entered separately.

DONE this 17th day of September, 2019.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE